8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert P. WARMINGTON; Loring P. Warmington, Petitioners-Appellants,
v.
COMMISSIONER, INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70342.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 8, 1993.
 
 Before: SKOPIL, HALL, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioners Robert P. Warmington and Loring P. Warmington filed a petition with the United States Tax Court seeking a redetermination of the Commissioner of Internal Revenue's assessment of a federal income tax deficiency for the 1977 calendar year. The Warmingtons contended that the Commissioner's notice of deficiency was invalid because the Commissioner failed to make an actual "determination" of their deficiency, as required by Scar v. Commissioner, 814 F.2d 1363, 1368-70 (9th Cir.1987) and 26 U.S.C. § 6212(a). Consequently, the Warmingtons maintained that the Commissioner did not establish jurisdiction to pursue a deficiency claim against them for the year in question.[1] The Tax Court, noting that the parties had stipulated that the notice of deficiency was valid on its face, refused to inquire further into the internal "processes" by which the notice was prepared and held for the Commissioner. The Warmingtons appeal. We have jurisdiction under 26 U.S.C. § 7482, and we affirm.
 
 
 3
 The Warmingtons argue that the Tax Court erred in failing to follow Scar. More specifically, the Warmingtons contend that Scar creates a presumption that a notice of deficiency lacking a facial defect is jurisdictionally valid. Thus, according to the Warmingtons, the Tax Court improperly denied them the opportunity to rebut this presumption by blocking the Warmingtons' efforts to obtain discovery, and by its refusal to allow into evidence Petitioners' Exhibits 4 and 5, documents purporting to show that the Commissioner failed to examine the Warmingtons' 1977 tax return before issuing his notice of deficiency.
 
 
 4
 The Warmingtons' argument fails. As a general rule, "we will not 'look behind a deficiency notice to question the Commissioner's motives and procedures leading to a [deficiency] determination.' " Kantor v. Commissioner, 998 F.2d 1514, 1521 (9th Cir.1993) (quoting Scar, 814 F.2d at 1368). We will undertake such a review "[o]nly where the notice of deficiency reveals on its face that the Commissioner failed to make a determination." Id. (emphasis in original) (citations omitted). Because the Warmingtons concede that there is no defect apparent on the face of the notice of deficiency which is the subject of their jurisdictional challenge, the circumstances under which the notice of deficiency was prepared are irrelevant, and the Tax Court's refusal to "look beyond" the deficiency notice was proper.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the Tax Court can exercise jurisdiction over a case only following the issuance of a valid notice of deficiency, the Warmingtons' argument took the form of a motion to dismiss for lack of subject matter jurisdiction. See Clapp v. Commissioner, 875 F.2d 1396, 1398 (9th Cir.1989)